UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-----------------------------------------------X
Scores Holding Company Inc.

                Plaintiff,

- against –

SCMD LLC                                           18-cv-11364-PGG

                                                        **AMENDED COMPLAINT**

                Defendant
-----------------------------------------------X

Plaintiff, Scores Holding Company Inc., with the express consent of counsel for Defendant, as stated in Plaintiff's Motion for Leave to File an Amended Complaint dated January 21, 2019, by its attorney, herby submits the following Amended Complaint:

## INTRODUCTION

1.This action arises out of the termination of a written sublicense agreement, as amended ("Sublicense Agreement") originally between Plaintiff's predecessor in interest, as licensor, and Defendant's predecessor in interest, as  licensee, permitting Defendant to use the Plaintiff's SCORES name and trademarks in association with the operation of a gentleman's club. Defendant materially breached its obligations under the Subicense Agreement by refusing to pay the monthly royalties due for over one year as well as by ceasing use of the SCORES name without notice to Plaintiff and without paying back due monthly royalties.  By this action, Plaintiff seeks recovery of the amounts owed by the Defendant's breach of contract as specified herein.

## PARTIES

2. The Plaintiff, Scores Holding Company Inc. (hereinafter "SCRH") is a Utah corporation with a place of business at 533-535 West 27th Street, New York, New York 10001.

3. Upon information and belief the Defendant, SCMD LLC. is a Maryland Limited Liability Company, which maintains or maintained a principal office at 205-215 Fallsway, Baltimore Maryland 21202 and engages or engaged primarily in the business of owning and operating an adult entertainment club.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a)(1) as the plaintiff and Defendant are entities incorporated and headquartered in different states and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over the Defendant.  The below referenced Sublicense Agreement mandates jurisdiction and venue in this judicial district.

6 Venue is proper in this Court.  The below referenced Sublicense Agreement mandates jurisdiction and venue in this judicial district.

## RELEVANT FACTS

7. Almost thirty years ago the Plaintiff's predecessor-in-interest founded a gentlemen's club in New York under the name SCORES.  Since that time Plaintiff, either directly or through an affiliated company has been licensing its SCORES trademarks to fine gentleman's clubs throughout the country.

8. Plaintiff is the owner of the trademark SCORES and various composite trademarks (collectively "SCORES Marks").  The SCORES Marks are registered for services including

cabaret and nightclub services, bar and restaurant services, cocktail lounge services, entertainment in the nature of dance performances and in conducting parties and special events. Many clubs have been licensed to use SCORES in association with the name of the licensed club's location.  Such licensed clubs today include SCORES NEW YORK, SCORES ATLANTIC CITY, SCORES LAS VEGAS, SCORES TAMPA, SCORES CHICAGO, SCORES NEW ORLEANS, SCORES NORTH CAROLINA and SCORES PALM BEACH, among others.

9. On or about March 31, 2003, Plaintiff granted Entertainment Management Services, Inc. ("EMS") an exclusive Master License Agreement to sublicense the Scores name and trademarks to gentleman's clubs.  Clubs sublicensed by EMS, including the former SCORES Baltimore typically paid EMS approximately 4.99% of their gross revenue from operations, including the sale of merchandise.

10. On or about February 27, 2004 EMS entered into a Sublicense Agreement with Club 2000 Eastern Avenue, Inc. ("Licensee"), with the Licensee being granted a license for the use of the SCORES name and trademarks at an adult entertainment club in Baltimore, Maryland.  A copy of the executed Sublicense Agreement is attached as Exhibit 1.

11. That among the pertinent provisions contained in the aforesaid licensing agreement are the following:

    1. LICENSE GRANT

(a) Business.  Licensor hereby grants to Licensee and Licensee hereby accepts from Licensor, a non-exclusive. . . license to use the Scores Trademarks during the Term in connection with the Business subject to the terms and conditions of this License Agreement.  Licensor hereby grants to Licensee and Licensee hereby accepts from Licensor, an exclusive lease of, and license to the ScoresBaltimore.com URL for the website for the Business.

    2. ROYALTIES

*(a) Amount. Beginning on the sixty first (61st) day of operation of the Business at the Location under the name "Scores Baltimore" and continuing until the expiration of the Term hereof (the "Royalty Period"), Licensee shall pay Licensor royalties (the "Royalties") for the licensee of the Scores Trademark hereunder as follows:*

> *(i)     For each week during the Royalty Period Licensee's weekly Gross Revenues (as that term is defined below) is equal to or less than $10,000, Licensee shall pay as Royalties to Licensor the sum of $0.00; provided, however, that if Licensee's weekly Gross Revenue does not exceed $10,000 for four (4) consecutive weeks, Licensor may terminate this Agreement in its sole discretion.*
>
> *(ii)    For each week during the Royalty Period Licensee's weekly Gross Revenue (as that term is defined below) is between $10,001 and $20,000, inclusive, Licensee shall pay as Royalties to Licensor the sum or $1000.*
>
> *(iii)   For each week during the Royalty Period Licensee's weekly Gross Revenue. . .  is greater than $20,000, Licensee shall pay as Royalties to Licensor a sum equal to four and 99/100 percent (4.99%) of such week's Gross revenue.*
>
> *. . . .*
>
> *(d) Royalties Payment.  Payment of Royalties due under this Paragraph shall be made within ten (10) days of the issuance of each Royalties Report set forth above.*
>
> *15. Controlling Law.*
>
> *This Agreement shall be construed in accordance with the laws of the State of New York, United States of America and jurisdiction over the parties and subject matter over any controversy arising hereunder shall be in the Courts of the State of New York, County of New York or the Federal Courts therein. Both parties hereby irrevocably consent to said jurisdiction and venue.*

12. On or about September 28, 2004 Entertainment Management Services, Inc., Club 2000 Eastern Avenue, Inc. and SCMD LLC executed a document entitled "Amendment No. 1 to Sublicense Agreement dated February 27, 2004."  A copy of the Amendment is attached as Exhibit 2.

13. The Amendment provided in its entirety that:

> *The sublicense agreement between ENTERTAINMENT MANAGEMENT SERVICES, INC and CLUB 2000 EASTERN AVENUE, INC. to which this Amendment No.1 is attached (the "Sublicense") is assigned in kind from CLUB 2000 EASTERN AVENUE, INC. TO SCMD LLC.  The "Location" (as defined in the sublicense) is changed from 2000 Eastern Avenue to 605-615 Fallsway,*

*Baltimore, Maryland 21202. In all other respects the Sublicense remains in full force and effect.*

14. From that time forth, until the termination of relations between the Plaintiff (then EMS and later the current Plaintiff) and Defendant, the above-named defendant owned and/or operated a gentlemen's club under the name SCORES Baltimore, pursuant to the Sublicense Agreement, as amended.

15. On or about January 27, 2009, Plaintiff terminated its Master License Agreement with EMS and transferred to itself all licensing rights and royalty rights to the SCORES name and trademarks.  Plaintiff thereby became the successor in interest to all licenses previously held by EMS, including the subject sublicense.

16. Throughout the course of the license relationship, until mid 2017 Defendant continued to use the SCORES name and trademark and pay royalties pursuant to the Sublicense.  Even though the Sublicense was not renewed in writing after an initial ten year term, each party continued to perform under the same terms, manifesting their mutual intent to continue an ongoing business relationship as before.

                AND AS FOR A FIRST CAUSE OF ACTION
                      (Breach of Contract)

17. Plaintiff repeats and reallages each and every allegation stated in paragraphs 1-16 as if fully set forth herein.

18.  Throughout all times relevant herein, Plaintiff performed services pursuant to the Sublicense Agreement, including licensing the Defendant to use the SCORES name and trademarks and conduct business as SCORES Baltimore.

19.  Defendant last made a royalty payment to Plaintiff in or around the month of July 2017, in the amount of $12,370.45.

20.  From that time forward, Defendant did not make a single royalty payment to Plaintiff, notwithstanding the fact that it continued to conduct business as SCORES Baltimore and use the SCORES name and trademarks.

21. Plaintiff continued to send pro forma invoices to Defendant every month in the amount of $10,000.00, which was consistently below the prior average monthly royalty payment as measured over a period of years.  Defendant did not make any further royalty payments and did not comply with any requests or demands for payment.

22. By September 2018, Defendant continued to conduct business as SCORES Baltimore and use the SCORES name and trademarks even though it was in arears for unpaid royalties in an amount believed to be in excess of $160.000.00.

23. On or about September 28, 2018, Defendant publicly announced that it was abandoning the SCORES name and trademark and would continue to conduct business as a gentlemen's club and as a direct competitor to Plaintiff under the name "The Penthouse Club Baltimore." Shortly thereafter the Defendant adopted its new "Penthouse" identity online and removed all exterior signs identifying itself as "Scores".

24.  Upon information and belief Defendant is currently operating a gentleman's club under the name "The Penthouse Club Baltimore" at the same location that it had previously conducted business as SCORES Baltimore.

25. By the above actions the Defendant unilaterally repudiated and abandoned the Sublicense Agreement so that it has been constructively terminated.

26. The Defendant's above actions were unilateral, not done in consultation with Plaintiff and without any payment of past due royalties, which are still due and owing under the Sublicense Agreement that was in effect until it was constructively terminated by Defendant.

27. The Defendant's above action constitute breach of contract.

28. Upon information and belief, Defendant's above actions were intentional.

29. Plaintiff has been damaged by Defendant's breach of contract in an amount at least equal to the unpaid royalties.

WHEREFORE, Plaintiff respectfully requests the Court to grant the hollowing relief against Defendant:

- An award of damages for unpaid royalties of at least $160,000.00
- Costs and disbursements for the above entitled action.
- Such other and further relief as the Court may deem just and proper.

Dated: New York, New York        /Neal S. Greenfield
 February 19, 2019              Neal S. Greenfield (NSG 4326)
                                Attorney for Plaintiff
                                533-535 West 27th Street
                                New York, New York 10001
                                (347) 263-4953